

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. Kyle Vick, Chairman
Conference Committee on H.B. 10
The Senate
Austin, Texas

Opinion No. O-5235

Re: Effect of H. B. 10,
48th. Leg., as amended.

Dear Sir:

Your letter in regard to House Bill 10 was received.
The letter reads as follows:

"As Chairman of the Conference Committee on House
Bill 10, I beg to submit to you the bill as the Confer-
ence Committee has amended the same, after being returned
from the Governor's office on resolution of the House,
concurred in by the Senate.

"As Chairman of this Conference Committee I wish
to make the following inquiries:

1. Does this bill in any wise repeal the chain
store tax, either as to lumber companies or as to utili-
ties.

2. In your opinion, are the provisions of this bill
sufficient to effect the purpose of the bill, towit: to
exempt wholesale and/or retail lumber and/or building
material places of business exempted under the chain
store tax law provided as much as 75% of the gross pro-
ceeds of the business done each preceding calendar year
at such place of business is derived from the sale of
lumber and/or building material; and, further, to exempt
gas and/or electric utilities operated in towns of 3000
population or less, according to the next preceding Fed-
eral census from the chain store tax provided as much as
75% of the total gross receipts in the preceding calendar
year in each such town where such a store or stores are
located, is derived from the sale therein of gas and/or
electric service; and, further, do the provisions con-
tained therein to the effect that gas and/or electric
utilities shall pay only the fees imposed by Sections 2,
4 and 5 keep in the chain store tax such towns or is it
the effect of such provision to release them from under
the terms of the chain store tax."

The material parts of the bill about which you ask, omitting the caption, read as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1.  That Section 5 of House Bill No. 18, Chapter 400, Acts of theForty-fourth Legislature, First Called Session, 1935, as amended by Section 1 of Article XIX of House Bill No. 8, Chapter 184, Acts of the Forty-seventh Legislature, Regular Session, 1941, be and the same is hereby amended so that said Section 5 shall here-after read as follows:

"'Section 5.  Every person, agent, receiver, trustee, firm, corporation, association, or copartnership opening, establishing, operating, or maintaining one or more stores or mercantile establishments within this State, under the same general management, or ownership, shall pay the license fees hereinafter prescribed for the privilege of opening, establishing, operating, or maintaining such stores or mercantile establishments.  The license fee herein prescribed shall be paid annually and shall be in addition to the filing fee prescribed in Sections 2 and 4 of this Act.  Provided that the terms, 'store, stores, mercantile establishment or mercantile establishments' wherever used in this Act shall not include:  any whole-sale and/or retail lumber and/or building material place of business, provided as much as seventy-five (75) per cent of the gross proceeds of the business done each pre-ceding calendar year at such place of business is derived from the sale of lumber and/or building material, provid-ing that the term 'building material' as used herein shall be construed to include any material which is used or usa-ble in the construction of buildings, improvements or structures, including materials consumed in and any arti-cle to be built into and become a part of buildings, im-provements or structures; also mechanics' hand tools used in the construction of buildings, improvements or struc-tures; and/or oil and gas well supplies and equipment dealers; and any place of business commonly known as a gasoline filling station, service station, or gasoline bulk station or plant, provided as much as seventy-five (75) per cent of the gross proceeds of the business done thereat is derived from the selling, storing, or distrib-uting of petroleum products; or any business now paying an occupation tax measured by gross receipts; or any place or places of business used as bona fide wholesale or retail distributing points by manufacturing concerns for distribution of products of their own manufacture

only; or any place or places of business used by bona fide processors of dairy products for the exclusive sale at retail of such products; or any place or places of business commonly known as Religious Book Stores, operated for the purposes of selling Religious Publications of any nature, including Bibles, Song Books, Books upon Religious Subjects, Church Offering Envelopes, Church, Sunday School and Training Union Supplies, provided that gas and/or electric utilities shall not hereafter be required to pay any tax or fee under this Act for the privilege of operating in towns of three thousand (3,000) population or less, according to the next preceding Federal Census, a store or stores for the purpose of selling gas and/or electric appliances and/or parts for the repairs thereof, provided as much as seventy-five (75) per cent of the total gross receipts in the preceding calendar year in each such town where such a store or stores are located is derived from the sale therein of gas and/or electric service, and provided further that for the privilege of operating a store or stores in towns of more than three thousand (3,000) population, according to the next preceding Federal Census, for the purpose of selling any or all of the above-named commodities, gas and/or electric utilities shall pay only the fees imposed by Sections 2, 4 and 5 of this Act.

"'The license fees herein prescribed shall be as follows:

"'1. Upon one (1) store the license fee shall be One Dollar ($1);

"'2. Upon each additional store in excess of one (1) but not to exceed two (2), the license fee shall be Six Dollars ($6);

"'3. Upon each additional store in excess of two (2) but not to exceed five (5), the license fee shall be Twenty-five Dollars ($25);

"'4. Upon each additional store in excess of five (5) but not to exceed ten (10), the license fee shall be Fifty Dollars ($50);

"'5. Upon each additional store in excess of ten (10) but not to exceed twenty (20), the license fee shall be One Hundred and Fifty Dollars ($150);

"'6. Upon each additional store in excess of twenty (20) but not to exceed thirty-five (35), the license fee shall be Two Hundred and Fifty Dollars ($250);

"'7. Upon each additional store in excess of thirty-five (35) but not to exceed fifty (50), the license fee shall be Five Hundred Dollars ($500);

"'8. Upon each additional store in excess of fifty (50) the license fee shall be Seven Hundred and Fifty Dollars ($750);

"'Such fees are for the period of twelve (12) months, and upon the issuance of any license after the first day of January of any one year, there shall be collected such fractional part of the license fee hereinabove fixed as the remaining months in the calendar year (including the month in which such license is issued) bear to the twelve-month period.'"

It is apparent that said House Bill 10 creates some additional exemptions in the Texas Chain Store Tax Law, which is codified as Article 1111d of Vernon's Penal Code of Texas, that is, the bill exempts certain types of stores from the operation of the Texas Chain Store Tax Law in addition to the stores already exempted in said law. The additional exemptions created by said bill are the ones created by the following language of the bill, towit:

First:

". . . any wholesale and/or retail lumber and/or building material place of business, provided as much as seventy-five (75) per cent of the gross proceeds of the business done each preceding calendar year at such place of business is derived from the sale of lumber and/or building material, providing that the term 'building material' as used herein shall be construed to include any material which is used or usable in the construction of buildings, improvements or structures, including materials consumed in and any article to be built into and become a part of buildings, improvements or structures; also mechanics' hand tools used in the construction of buildings, improvements or structures; . . ."

Second:

". . . provided that gas and/or electric utilities shall not hereafter be required to pay any tax or fee under this Act for the privilege of operating in towns of three thousand (3,000) population or less, according to the next preceding Federal Census, a store or stores for the purpose of selling gas and/or electric appliances

and/or parts for the repair thereof, provided as much as seventy-five (75) per cent of the total gross receipts in the preceding calendar year in each such town where such a store or stores are located is derived from the sale therein of gas and/or electric service, . . ."

Another clause added to the Texas Chain Store Tax Law by the bill is that part reading as follows, towit:

". . . provided further that for the privilege of operating a store or stores in towns of more than three thousand (3,000) population, according to the next preceding Federal Census, for the purpose of selling any or all of the above-named commodities, gas and/or electric utilities shall pay only the fees imposed by Sections 2, 4 and 5 of this Act."

The other exemptions and provisions of said House Bill are already in the Texas Chain Store Tax Law.

The validity of the exemptions in theoriginal Texas Chain Store Tax Law (House Bill 18, Ch. 400, 44th. Leg., 1st C.S., 1935) were upheld in the case of Hurt v. Cooper, 130 Tex. 433, 110 S.W.2nd 896. The exemptions in House Bill 10, about which you ask, are similar to the exemptions in the original Chain Store Tax Law, except that they apply to stores in which a different kind of merchandise is sold.

Our answer to your question No. 1 is that House Bill 10 does not entirely repeal the chain store tax as to lumber concerns or as to utilities, but it creates an exemption which unquestionably applies to practically all lumber concerns throughout the State, and to practically all stores operated by utilities in towns of 3,000 population or less; and, therefore, the practical effect is the same as if the Chain Store Tax Law was repealed insofar as the lumber concerns throughout the State and the utilities in said towns are concerned.

We will now take up the various parts of your question No. 2.

In our opinion the bill, by virtue of its specific words, exempts from the chain store tax throughout the entire State, regardless of the town in which located, wholesale and/or retail lumber and/or building material places of business, provided as much as seventy-five per cent of the gross proceeds of the business done each preceding calendar year at such a place of business is derived from the sale of lumber and/or building material, as those terms are defined in the bill.

It is our opinion that the bill, by virtue of its specific words, exempts from the chain store tax stores operated by gas and/or electric utilities in towns of 3,000 population or less, provided as much as seventy-five per cent of the total gross receipts in the preceding calendar year in each such town where such a store is located was derived from the sale therein of gas and/or electric service.

Your last inquiry reads:  ". . . do the provisions contained therein to the effect that gas and/or electric utilities shall pay only the fees imposed by Sections 2, 4 and 5 keep in the chain store tax such towns or is it the effect of such provision to release them from under the terms of the chain store tax?"  In the recent case of Central Power & Light Co. v. State, 165 S.W. 2nd 920, decided by the Court of Civil Appeals at Austin, in which the Supreme Court of Texas refused writ of error, and which is now being appealed to the Supreme Court of the United States by the utilities involved therein, the Court of Civil Appeals held that stores operated by a gas or electric utility were subject to the terms of the chain store tax by virtue of the provisions of Section 5, and not Section 5a, of the Texas Chain Store Tax Law. The only section of the Chain Store Tax Law that imposes a tax other than Sections 2, 4 and 5 is Section 5a. It is our opinion that this last provision about which you ask provides that in the case of stores operated by gas and electric utilities a chain store tax can only be collected under the terms of Sections 2, 4 and 5, which means the provisions of Section 5a do not apply to such stores. We see no reason why the tax prescribed in Section 5 would not apply to such stores operated by utilities except the multitude of stores operated by utilities which this Bill specifically exempts in towns of 3,000 population or less.

APPROVED APR 26, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

CCR:BT:wb

Yours very truly

ATTORNEY GENERAL OF TEXAS
By /s/ Cecil C. Rotsch
Cecil C. Rotsch, Assistant